UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

IRVY E. COSSE, III, ET AL      *          CIVIL ACTION

VERSUS                         *          NO: 06-2590

B.G. MATTE, ET AL              *          SECTION: "D"(3)

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Irvy E. Cosse, Jr. and Michelle B. Cosse. Defendant, Westport Insurance Corporation, filed a memorandum in opposition. The motion, set for hearing on Wednesday, July 5, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

In their Petition for Damages filed in Civil District Court for the Parish of Orleans, Plaintiffs allege that Hurricane Katrina and its aftermath allegedly caused substantial flooding to Plaintiffs home located at 6707 Marshall Foch, New Orleans. Plaintiffs further aver that during the claims process, Plaintiffs learned that Defendant B.G. Matte, as the agent for, and Defendant

Eustis, failed to increase the contents coverage from $30,000 to $100,000, as Plaintiffs had previously requested, and these Defendants failed to advise Plaintiffs of the need to purchase separate coverage for the detached buildings on their property. Consequently, Plaintiffs filed this suit against B.G. Matte and Eustis, alleging their errors and omissions, and against GE Insurance Solutions d/b/a Westport Insurance Corporation, as the error and omissions carrier for B.G. Matte and Eustis, for its alleged failure to make a reasonable and timely offer to settle Plaintiffs' claims.  Plaintiffs do not name as Defendants the National Flood Insurance Program or the carrier that handled the policy for the National Flood Insurance Program.

Westport removed the matter to this court based on federal question jurisdiction, alleging *inter alia* that the lawsuit includes a claim for interpretation of a standard flood insurance policy (SFIP) issued by a Write-Your-Own Program Carrier as part of its participation in the National Flood Insurance Program (NFIP), and that the NFIP, the claims asserted under that program, and the SFIP are all governed exclusively by the National Flood Insurance Act and Federal Law, 42 U.S.C. §4001, *et seq*.

In their Motion to Remand, Plaintiffs maintain that this case is purely a case of negligence and not one that involves federal law governing the NFIP.  But Westport argues that: "Plaintiffs

2

directly implicate the terms of the SFIP by alleging that Eustis and Matte failed to educate plaintiffs as to the terms of the SFIP regarding coverage for other structures.  Where the terms of the SFIP are directly at issue, claims against insurance agents are preempted...."  (Westport's Opp. at 10).

In *Wright V. Allstate Insurance Company,* 415 F.3d 384 (5th Cir. 2005), the Fifth Circuit found that adjustment of an insurance claim is considered "handling," and as such, the NFIA would preempt any state law claims.  *Id*. at 390.  However, the Fifth Circuit has not yet determined whether a state law claim for errors or omissions would be considered "handling," and it has also not yet determined whether state law claims for improper procurement would be preempted by the NFIA.

However, several district courts have held that federal question jurisdiction does not exist for claims related to flood insurance procurement.  *Landry v. State Farm Fire & Casualty Co.*, 428 F.Supp.2d 531, 534-36 (E.D.La. 2006)(Fallon, J.); *Waltrip v. Brooks Agency, Inc.*, 417 F.Supp.2d 768, 770 (E.D.Va. 2006); *Roybal v. Los Alamos National Bank*, 375 F.Supp.2d 1324, 1332-33 (D.N.M. 2005); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497 at *3 (E.D.La. 2004)(Vance, J.); *Elizabeth v. USAA Gen. Indem. Co.*, 2002 WL 31886719 at *3 (E.D.La. 2002)(Vance, J.).  This court agrees with the rationale of set forth in the *Landry* decision that:

> The distinction that other courts have made between handling and procurement of an NFIA policy for purposes of federal jurisdiction is compelling. The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus, the claims regarding handling of those policies also involve the spending of federal funds...However, under the NFIA, federal funds are not used to reimburse [Write Your Own] insurers for liability arising outside the scope of the ACT. 44 C.F.R. Pt. 62, App. A, Art. IX. Thus, for tort claims or extra-contractual claims related to an NFIA policy, an insured can obtain no reimbursement from the federal treasury because these claims fall outside the scope of the Act. Therefore, there is no equivalent justification for state law claims because there is no expenditure of federal funds ...
>
> *Wright* and the updated FEMA regulations do not change the underlying rationale for the handling and procurement distinction for purposes of federal question jurisdiction, that is, that claims for handling of an NFIP policy present federal questions because federal funds are implicated in their disposition. Because this distinction is sound and is supported by case law, the Court shall continue to follow that distinction.

*Landry,* 428 F.Supp.2d at 534-35.

Therefore, the court concludes that Plaintiffs' claims against Defendants, which are not claims challenging the "handling" of their claims, but rather claims alleging Defendants' errors and omissions relating to the procurement of insurance coverage, do not fall under federal question jurisdiction. According;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **7th** day of **July**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE